**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CLAUDIO ABEL HERNANDEZ-GUERRERO,**
**A# 200-614-359,**

    Petitioner,

vs.                                               Case No. 4:17cv506-WS/CAS

**JEFF SESSIONS, et al.,**

    Respondents.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, proceeding pro se, initiated this case on November 6, 2017, by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner alleged that he is a native and citizen of Nicaragua, and was taken into ICE custody on March 25, 2017. ECF No. 1 at 2. Petitioner claimed he was held in "indefinite detention" because there are "no formal diplomatic relations between Nicaragua and the United States, nor is there any formal or informal agreement between the two countries regarding repatriation." *Id.* at 3-4. Petitioner also claimed that travel documents would not be issued and there was "no significant likelihood that [he] will be removed in the reasonably foreseeable future." *Id.* at 4-5.

Petitioner sought release from his detention pursuant to <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

Service of the petition was directed and Respondents filed a response to the petition in early January 2018.  ECF No. 11.  Respondents argued that Petitioner was frustrating his removal to Nicaragua by his refusal to provide contact information and identification documents.  *Id.* at 3.  The response advised that delay in removal was due to Petitioner's own actions and, thus, his case should be dismissed.  *Id.* at 1, 9-10.

Petitioner filed a reply, ECF No. 13, and stated that he had provided accurate and complete information.  ECF No. 13 at 2.  Plaintiff denied Respondents' arguments and, after review, it appeared that an evidentiary hearing was required to resolve disputed factual issues.  ECF No. 14.  An Order was entered appointing counsel to represent Petitioner and directed coordination to schedule the evidentiary hearing.  ECF No. 14.

Thereafter, Respondents have filed a motion to dismiss the petition as moot and advised that Petitioner was released from detention under an order of supervision.  ECF No. 15.  Attached to the motion is an exhibit revealing that Petitioner was released on February 7, 2018.  ECF No. 15-1.  Therefore, because Petitioner has been afforded the relief sought, release from detention, this § 2241 petition should now be dismissed as moot.

The motion to dismiss contains a certificate of service which indicates the document was provided to the Assistant Public Defender. ECF No. 15 at 4. As of this date, a response to that motion has not been filed by counsel. If Petitioner disputes that this case is moot, objections must be immediately filed.

**REPORT AND RECOMMENDATION**

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 15, be **GRANTED**, and the § 2241 petition be **DISMISSED as moot** since Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on March 6, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**